Case 1:15-cv-07713-DLC   Document 26   Filed 12/22/15   Page 1 of 2

# TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

900 THIRD AVENUE
NEW YORK, NEW YORK 10022-4775
(212) 508-6700
FACSIMILE: (212) 371-1084

Writer's Direct Dial: (212) 702-3167
E-mail: berger@thsh.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/15

December 22, 2015

Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, N.Y. 10007

    Re: *Mica Duran v. Wolters Kluwer Health, Inc., et al.* 15 cv 7713 (DLC)

Dear Judge Cote:

    This firm represents plaintiff Mica Duran ("Ms. Duran"), a medical illustrator, in the above-referenced matter. I write to request the Court to authorize Ms. Duran, pursuant to Fed R. Civ. Pro. Rule 26(d)(1), to serve two third-party document subpoenas in aid of the mediation scheduled for February 24, 2016. Court permission is necessary because the parties chose to go directly to mediation following defendants' response to the complaint rather than conduct a Rule 26(f) conference.

    The first subpoena will be directed to S. Robert Kovac, M.D, the editor of the book entitled *Advances in Reconstructive Vaginal Surgery* (the "*Book*") containing most of the allegedly infringing illustrations in this copyright case. (The complaint refers to those illustrations at ¶ 27 as the "Infringing Derivatives" because of their remarkable similarity to Ms. Duran's copyrighted works.) The other subpoena will be directed to Sara Jarret who appears to have created the Infringing Derivatives. Defendant Wolters Kluwer Health, Inc. ("Wolters") published the *Book* and its subsidiary, defendant Ovid Technologies, Inc. ("Ovid"), promoted it. In an effort to satisfy the meet and confer obligation, I asked defendants' counsel in a phone call on Wednesday December 16, to consent to this request and confirmed that request with a letter to defendants' counsel the next day. By letter dated December 21 (the "Letter," Exhibit A hereto) defendants opposed the subpoenas.

## The Need for the Subpoenas

    Settlement of a civil case through the mediation is best achieved when all parties have the information needed to evaluate the case. That information is especially necessary here where there has been no formal discovery. Instead, Wolters informally agreed, without a Rule 34 request, to produce "all documents concerning the creation of Infringing Derivatives included in" the *Book*. Unfortunately, concedes on page 1 that Wolters has been "unable to locate" a number of documents sent or received by at least four of their former employees who played a significant role in the creation of the Infringing Derivatives. Here are some examples of the documents Wolters has been unable to locate and why they are needed in the mediation the parties will have.

[1023716-1]

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

## The Kovac Subpoena

Beginning in 2008 Dr. Kovac commissioned Ms. Duran to create various illustrations. In 2011 Dr. Kovac wanted to again use Ms. Duran's illustrations for the *Book*. Therefore at his urging, Ms. Duran asked Wolters if it was interested in licensing some of her illustrations. Wolters refused finding her price too high. Wolters then commissioned the 21 Infringing Derivatives that are nearly identical to Ms. Duran's copyrighted works. A side-by-side comparison at ¶ 140 of the complaint displaying Ms. Duran' works on the left and the Infringing Derivatives on the right is attached hereto as Exhibit B.

As evidenced by Wolters' production, Dr. Kovac, as editor of the *Book*, communicated with Nicole Walz, Wolters' product manager, regarding the creation of the Infringing Derivatives in the *Book*. But other than one email from Dr. Kovac to Ms. Walz dated January 27, 2012, Wolters has not produced a single email exchanged between Ms. Walz and Dr. Kovac on any subject, including how the Infringing Derivatives came to be created. Thus, a subpoena to Dr. Kovac is necessary. Further, the complaint at ¶ 24 alleges that Dr. Kovac is believed to be the conduit through which Wolters, without authorization, acquired Ms. Duran's 21 medical illustrations from which the Infringing Derivatives were created. Wolters' production includes a number of Ms. Duran medical illustrations each bearing Ms. Duran's copyright notice. How did Wolters get all 21 and under what circumstances? Again, a subpoena to Dr. Kovac is necessary to answer these and related questions.

## The Jarret Subpoena

A subpoena to Ms. Jarret, another medical illustrator, is also necessary. After Wolters refused to license Ms. Duran's illustrations, Wolters apparently turned to Ms. Jarret who created the 21 Infringing Derivatives that are strikingly similar to Ms. Duran's works. But remarkably, Wolters has not produced a single communication between anyone at Wolters, including its former art director, Mr. Brett Macnaughton, and Ms. Jarret concerning the creation of the Infringing Derivatives (other than Ms. Jarret's invoice). What instructions and guidance did Wolters give Ms. Jarret regarding the Infringing Derivatives? Did Wolters send Ms. Duran's copyrighted works to Ms. Jarret and request she duplicate them? What explains the similarity between the Infringing Derivatives and Ms. Duran's medical illustrations? These are only some of the reasons a subpoena to Ms. Jarret is necessary.

We share defendants' sentiment expressed in the Letter that mediation offers the best way to resolve this matter with the least cost. But a meaningful mediation process means that no side should enjoy a bargaining advantage resulting from their inability to locate and produce significant documents. Therefore we request this targeted and limited discovery go forward. Defendants argue in the Letter that these subpoenas "present significant risks of additional costs and delay." But Ms. Duran is solely bearing the costs of the subpoenas and is prepared to move forward quickly with their service so the mediation can be conducted on February 24.

Denied.
[signature]
12/22/15

Very truly yours,
[signature]
Andrew Berger

cc: Elizabeth Edmondson, Esq., Jenner & Block, Attorneys for Defendants (by ECF)

[1023716-1]